**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KIRK CORNELL HURD,

    Plaintiff - Appellant,

v.

ZACHARY CAMPBELL,

    Defendant - Appellee.

No. 24-1446
(D.C. No. 1:22-CV-01523-RM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Kirk Hurd, a Colorado state prisoner proceeding pro se, appeals the district court's

dismissal of his civil-rights complaint. He alleges that the medical care he received from

Zachary Campbell, a nurse practitioner, amounted to deliberate indifference under the

Eighth Amendment.

To establish a deliberate-indifference claim, a prisoner must adequately allege two

elements: an objective component and a subjective component. "Under the objective

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted). To satisfy the subjective component, the defendant "must consciously disregard a substantial risk of serious harm." *Id.* at 1231 (internal quotation marks omitted). Because Hurd failed to plausibly plead the subjective component, we affirm.

In June 2022 Hurd filed his original complaint in the United States District Court for the District of Colorado. After filing several amended complaints, in March 2024 he filed his operative complaint, which sought relief against Campbell under 42 U.S.C. § 1983 for an alleged Eighth Amendment violation.[1] In particular, he alleged that after he had his gastronomy tube removed while in state custody, Campbell failed to properly treat the resulting complications.

Campbell moved to dismiss under Fed. R. Civ. P. 12(b)(6). He argued that the complaint's factual allegations did not establish an Eighth Amendment violation, and that he was therefore entitled to qualified immunity.

After comprehensively reviewing the complaint, the magistrate judge recommended that the motion be granted. He determined that the complaint's factual

---

[1]  Hurd also asserted a second claim under 42 U.S.C. § 1997e(e). That provision, titled "Limitation on recovery," provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" *Id.* § 1997e(e). It does not provide a cause of action. *See Hoever v. Marks*, 993 F.3d 1353, 1358, 1360 (11th Cir. 2021) (en banc) (explaining that "§ 1997e(e) limits a prisoner . . . from recovering damages" in certain circumstances).

allegations were insufficient to show deliberate indifference—that is, they failed to plausibly support the claim that Campbell knowingly disregarded an excessive risk to Hurd's serious medical needs. Because the complaint did not establish an Eighth Amendment violation, the magistrate judge concluded that Campbell was entitled to dismissal under the doctrine of qualified immunity. Although Hurd objected to the recommendation, the district court overruled it, finding that it lacked "any specific assertions as to how the magistrate judge erred" and "fail[ed] to meaningfully address" the magistrate judge's conclusions. App. at 305. The court accepted the recommendation and dismissed the complaint without prejudice.

"We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011). "When reviewing a 12(b)(6) dismissal, we must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Id.* at 1201–02 (internal quotation marks omitted).

Hurd's complaint does not clear this bar. We need not repeat the thorough exploration of the complaint by the magistrate judge. Assuming it adequately pleaded the objective component of a deliberate-indifference claim, it did not plausibly plead the subjective component. Accepting the well-pleaded allegations as true, as the magistrate judge did, Campbell provided Hurd with regular medical care, followed up with other providers, and requested a CT scan on his behalf. Campbell did not

**3**

"know[] of and disregard[] an excessive risk" to Hurd's safety. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). Hurd's disagreement with Campbell's course of treatment is insufficient to satisfy the subjective component of his deliberate-indifference claim. *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *see Self*, 439 F.3d at 1232–33 ("[W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law."). Accordingly, the grant of qualified immunity was proper. *See Montoya v. Vigil*, 898 F.3d 1056, 1064 (10th Cir. 2018) ("[I]f the plaintiff failed to state a claim under Rule 12(b)(6), the government [officer] would also be entitled to qualified immunity.").

We **AFFIRM** the district court's dismissal order. We **GRANT** Hurd's motion for leave to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge

**4**